United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-1199**                                    **September Term, 2021**

FILED ON: JULY 29, 2022

CROCUS INVESTMENTS, LLC AND CROCUS, FZE,
                PETITIONERS

v.

FEDERAL MARITIME COMMISSION AND UNITED STATES OF AMERICA,
                RESPONDENTS

On Petition for Review of an Order
of the Federal Maritime Commission

Before: TATEL[*], MILLETT, and RAO, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the Federal Maritime Commission and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that the petition be **DENIED**.

Crocus Investments, LLC and Crocus, FZE (collectively, "Crocus") petition for review of an order of the Federal Maritime Commission affirming the dismissal of Crocus's claim against Marine Transport Logistics, Inc. ("Marine Transport") under 46 U.S.C. § 41102(c). Crocus argues that the Commission erred by retroactively applying a new interpretation of Section 41102(c) to reject its claim. We conclude that the Commission permissibly gave retroactive effect to its new interpretation and reasonably applied it to the facts of this case. We therefore deny the petition for review.

**I**

Crocus purchases, repairs, and resells used boats. In 2013, Crocus contracted for Marine Transport to store a boat known as a "Formula" at a New Jersey facility. In July 2014, Marine

---

[*] Judge Tatel assumed senior status after the case was submitted and before the date of the judgment.

Transport demanded nearly $39,000 from Crocus in storage fees.

In May 2015, Crocus filed a complaint with the Commission alleging, as relevant here, that Marine Transport's high storage fees violated 46 U.S.C. § 41102(c). That statutory provision prohibits certain members of the ocean transportation industry from "fail[ing] to establish, observe, and enforce just and reasonable regulations and practices relating to or connected with receiving, handling, storing, or delivering property." *Id.*

An administrative law judge dismissed Crocus's claim on jurisdictional grounds. In 2019, the Commission vacated the administrative law judge's jurisdictional decision.

While the case was pending on that administrative appeal, the Commission changed its interpretation of Section 41102(c) through a formally published interpretive rule. *See* Interpretive Rule, Shipping Act of 1984, 83 Fed. Reg. 64,478 (Dec. 17, 2018). Since 2010, the Commission had interpreted Section 41102(c) to create liability for a party that committed even a single unjust and unreasonable act, including a single fee charged. *Id.* at 64,479; *see also Houben v. World Moving Servs., Inc.*, No. 1887(I), 31 S.R.R. 1400, 1405 (FMC 2010), Respondents' Addendum ("R.A.") 156; *Kobel v. Hapag-Lloyd, A.G.*, No. 10-06, 2013 WL 9808671, at *6–16 (FMC July 12, 2013). With the new rule—codified at 46 C.F.R. § 545.4—the Commission "restore[d] the Commission's interpretation of [Section] 41102(c) to its pre-2010 understanding[,]" 83 Fed. Reg. at 64,479, which is that a party is liable only for "acts or omissions * * * occurring on a normal, customary, and continuous basis[,]" 46 C.F.R. § 545.4(b).

On remand, the administrative law judge concluded that, while Crocus had demonstrated that Marine Transport unreasonably overcharged for storing the Formula, it had failed to show that Marine Transport had a pattern or custom of overcharging for storage, as now required by Section 545.4.

The Commission affirmed, concluding first that it was proper to apply Section 545.4 to Crocus's case even though the conduct at issue predated the new interpretation of Section 41102(c), and second that Crocus had failed to prove that Marine Storage had a practice of overcharging for storage. *See Crocus Investments, LLC v. Marine Transp. Logistics, Inc.*, No. 15-04, 2021 WL 3732849, at *4–12 (FMC Aug. 18, 2021).

Crocus timely petitioned for review. We have jurisdiction under 28 U.S.C. § 2342.

## II

We review the Commission's final actions under the Administrative Procedure Act ("APA"), *Petchem, Inc. v. Federal Mar. Comm'n*, 853 F.2d 958, 962 (D.C. Cir. 1988), which "requires that agency action be reasonable and reasonably explained[,]" *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021). Under the APA, courts must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2), (2)(A).

2

Crocus argues that the Commission violated the APA in two ways. First, by applying Section 545.4 retroactively. Second, by concluding that Crocus did not have a viable claim against Marine Transport under the new interpretation of Section 41102(c). On both counts, we affirm the Commission.

**A**

The Commission permissibly applied Section 545.4 retroactively to Crocus's case. The law has long been settled that when an agency interprets a statute that it is charged with administering "as an incident of its adjudicatory function[,]" it "may apply that new interpretation in the proceeding before it." *Clark-Cowlitz Joint Operating Agency v. FERC*, 826 F.2d 1074, 1081 (D.C. Cir. 1987) (en banc) (citing *NLRB v. Wyman-Gordon*, 394 U.S. 759, 765–766 (1969) (plurality opinion)). That is true regardless of whether the agency had previously "memorialized [its] interpretation" in a rule. *St. Luke's Hosp. v. Sebelius*, 611 F.3d 900, 907 (D.C. Cir. 2010). Any retroactivity of the interpretive rule itself is "completely subsumed in the permissible retroactivity of the agency adjudication." *Id.* (quoting *Health Ins. Ass'n of America, Inc. v. Shalala*, 23 F.3d 412, 424 (D.C. Cir. 1994)). For that reason, Crocus's threshold argument that, as an interpretive rule, Section 545.4 may only be applied prospectively is foreclosed by precedent.

There is, however, an exception to that "general rule" if applying the new interpretation "would work a 'manifest injustice.'" *Clark-Cowlitz*, 826 F.2d at 1081 (citation omitted). "[A] non-exhaustive list of five factors[,]" *id.*, guides this court's analysis of whether retroactivity is manifestly unjust in a particular case:

> (1) [W]hether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Retail, Wholesale & Dep't Store Union v. NLRB*, 466 F.2d 380, 390 (D.C. Cir. 1972).

Here, the Commission correctly weighed those five factors in concluding that it was not manifestly unjust to apply Section 545.4 retroactively to Crocus's case.

The first factor is "whether the particular case is one of first impression[.]" *Retail, Wholesale*, 466 F.2d at 390. That status matters because the Commission generally applies a "new rule to the parties to the adjudicatory proceeding in which it is first announced." *Crocus*, 2021 WL 3732849, at *6 (quoting *Clark-Cowlitz*, 826 F.2d at 1081–1082). The Commission accurately explained that this factor weighed against retroactivity because Crocus's proceeding would not be the first case in which the "'normal, customary, and continuous' interpretation [was] announced." *Id*.

As to the second factor, "whether the new rule represents an abrupt departure from well-established practice[,]" the Commission found that it leaned against retroactive application of the rule because Section 545.4 "is a purposeful departure from recent Commission caselaw[.]" *Crocus*, 2021 WL 3732849, at *6–7 (quoting *Clark-Cowlitz*, 826 F.2d at 1081). Yet because the prior interpretation, which allowed Section 41102(c) liability for a single unjust and unreasonable act, "was not that old or that well-established[,]" the Commission properly concluded that this factor did "not weigh that heavily against" retroactivity. *Id.* at *7.

Turning to the third factor—reliance—the Commission correctly found that it supported the retroactive application of Section 545.4 because Crocus adduced "no evidence" that it had relied on the Commission's previous interpretation of Section 41102(c) when deciding to store the Formula with Marine Transport. *Crocus*, 2021 WL 3732849, at *7.

Crocus argues that its years of litigation in this case count as reliance. That argument fails. Of course parties litigate under the rules in effect at the time of the proceeding. But, as the Commission explained, what constitutes reliance in a retroactivity analysis is a showing that the party "changed or conformed its [non-litigation] conduct"—here, storing the boat—"based on that prior interpretation and is now being unfairly penalized for doing so." *Crocus*, 2021 WL 3732849, at *7. Since we have long expressed doubt that "retroactivity analysis is concerned with reliance on anything other than primary conduct"—that is, the real-world behavior the rule intends to regulate—the Commission's analysis of the reliance prong was sound. *District Lodge 64, Int'l Ass'n of Machinists & Aerospace Workers v. NLRB*, 949 F.2d 441, 449 (D.C. Cir. 1991); *cf. Republic of Austria v. Altmann*, 541 U.S. 677, 696 (2004) ("The aim of the presumption [against statutory retroactivity] is to avoid unnecessary *post hoc* changes to legal rules on which parties relied in shaping their primary conduct.").

The Commission was likewise right in concluding that the fourth factor, "the degree of the burden which a retroactive order imposes on a party," *Retail, Wholesale*, 466 F.2d at 390, supported retroactive application of the new rule. The Commission reiterated that Crocus had not "relied in 'good-faith' on the Commission's prior interpretation of statutory intent" in making the decision to store the Formula with Marine Transport. *Crocus*, 2021 WL 3732849, at *7 (quoting *Clark-Cowlitz*, 826 F.2d at 1085). In addition, any burden was diminished because Crocus might still be able to "seek relief under common law or other federal statutes." *Id.*

Crocus argues that it will be burdened by Section 545.4's retroactive application because, if unable to meet that new standard, it may be held responsible for Marine Transport's attorneys' fees. *See* 46 U.S.C. § 41305(e) ("[T]he prevailing party may be awarded reasonable attorney fees."). Crocus did not raise this point before the Commission, so it had no occasion to address it. *Cf. Department of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) ("[A] court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."). In any event, Crocus's concern is wholly speculative because the Commission has specifically said that parties like Crocus who "raise non-frivolous claims in good faith, who litigate zealously but within the rules and for proper purposes, and who comply with

Commission orders are at little risk of attorney fee liability if they are unsuccessful, absent unusual circumstances." *On Attorney Fees*, No. 21-14, 2021 WL 6202672, at *3 (FMC Dec. 28, 2021).

As for the fifth factor, the Commission correctly ruled that the "statutory interest in applying [Section] 545.4" cut both ways. *Crocus*, 2021 WL 3732849, at *8. On the one hand, the "primary objective of the shipping laws administered by the Commission is to protect the shipping industry's customers," like Crocus, "not members of the industry[.]" *Id.* (alteration omitted) (quoting *New York Shipping Ass'n v. Federal Mar. Comm'n¸* 854 F.2d 1338, 1374 (D.C. Cir. 1988)). On the other hand, the Commission recognized an interest in "minimizing government intervention in the industry[.]" *Id.* (citing 46 U.S.C. § 40101(1)).

Crocus seizes on just the first point, arguing that, because the statute is meant to favor a customer like Crocus over an industry member like Marine Transport, retroactively applying a rule in favor of Marine Transport would be inappropriate. But that argument ignores the competing interest the Commission identified.

In short, the Commission's careful analysis of the relevant factors and reasoned weighing of their differing concerns colored well within the lines of the agency's adjudicative discretion and was grounded in substantial evidence. As a result, we find no reversible error in the Commission's conclusion, on this record, that no "manifest injustice" warranted a departure from the "general rule" that new interpretations of the law apply retroactively in agency adjudications. *Crocus*, 2021 WL 3732849, at *6 (quoting *Clark-Cowlitz*, 826 F.2d at 1081).

**B**

Turning to the merits, the Commission reasonably found that Crocus's Section 41102(c) claim failed because it did not prove that Marine Transport assessed excessive storage fees on a "normal, customary, and continuous basis," as required by Section 545.4. *Crocus*, 2021 WL 3732849, at *9. Crocus cited to four separate Commission proceedings as evidence that Marine Transport had a "practice of assessing excessive storage fees[.]" Crocus Opening Br. 34. But the Commission reasonably explained why those examples failed to establish a custom or practice of overcharges for storage.

To start, Crocus's reliance on *Abusetta v. JAX Auto Shipping, Inc.*, No. 1932(I) (FMC Oct. 18, 2016), R.A. 16, was misplaced because there "the Commission expressly found that Marine Transport did *not* act unreasonably[.]" *Crocus*, 2021 WL 3732849, at *11.

Next, as the Commission explained, the allegations against Marine Transport in two pending Commission proceedings, *MAVL Capital Inc. v. Marine Transport Logistics, Inc.*, FMC Docket No. 16-16, and *Andrew v. Marine Transport Logistics, Inc.*, FMC Docket No. 20-12, were not probative. The complainants in *MAVL* and *Andrew* did not allege that Marine Transport "overcharged them for storage[.]" *Crocus*, 2021 WL 3732849, at *11. Instead, they sought relief for "different type[s] of conduct[,]" such as a failure to provide customers with important documents, failure to deal in good faith, and the misdelivery, detention, and conversion of cargo.

5

*Id.*

In response, Crocus emphasizes that some of these allegations relate in some way to storage charges. The Commission agreed. *Crocus*, 2021 WL 3732849, at \*11. But Crocus's task was to show that Marine Transport had a custom or practice of overcharging for storage itself, rather than engaging in other potentially unjust or unreasonable business practices. Neither of these cases fit that bill.[1]

Finally, the Commission acknowledged that its decision in *Best Way USA, Inc. v. Marine Transport Logistics*, No. 1901(I), 33 S.R.R. 13 (FMC 2013), R.A. 123, could "reasonably be construed as finding Marine Transport in violation of [Section] 41102(c) for imposing unreasonable storage fees on a single shipment" years before. *Crocus*, 2021 WL 3732849, at \*10. But Commission precedent is clear that "one prior" violation "falls short of the requirement" that Marine Transport's challenged conduct be "normal, customary, and continuous." *Id.* at \*11 (citing *Hangzhou Qianwang Dress Co. v. RDD Freight Int'l Inc.*, No. 17-02, 2020 WL 5406762 (FMC Sept. 1, 2020)); *see id.* at \*8 ("Commission precedent has made clear that a single \* \* \* act or omission" does not establish "an entity's normal and customary practice.").

The Commission's analysis of those four cases was logical, and its conclusion that they do not add up to a normal or customary practice of overcharging for storage was reasonable and grounded in the administrative record. That is all the APA requires here.

For all of those reasons, the petition for review is denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
       Daniel J. Reidy
       Deputy Clerk

---

[1] Crocus points out that, "subsequent to the Commission's \* \* \* [o]rder in this matter[,]" a Commission administrative law judge issued an Initial Decision in *MAVL*. Crocus Opening Br. 36. But evidence that postdates the administrative decision on review is not relevant to our assessment of the agency's reasoning based on the record before it. *Brooklyn Union Gas Co. v. FERC*, 409 F.3d 404, 406 (D.C. Cir. 2005) ("We will not reach out to examine a decision made after the one actually under review.") (citation omitted).